IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN D. LOGGINS, SR.,

    Plaintiff,

v.

                                      Case No. 18-3254-DDC

REBECCA L. PILSHAW, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Pro se plaintiff[1] Kevin D. Loggins, Sr., brings an Amended Complaint (Doc. 27) and the following motions before the court: Motion to Recuse Judge Daniel Crabtree and to Remove Cases from Topeka Division for Lack of Impartiality & Inability to Receive a Fair Hearing (Doc. 26); Motion for Status of Plaintiff's Motion to Recuse Judge Daniel Crabtree (Doc. 33); Motion for Summary Judgment (Doc. 35); Motion Seeking Adjudication of Plaintiff's Motion to Recuse Judge Daniel Crabtree (Doc. 38); Motion Seeking Default Judgment (Doc. 39); and Motion Seeking Status of Plaintiff's Motion to Recuse Judge Daniel Crabtree (Doc. 41).

First, the court denies plaintiff's Motion to Recuse (Doc. 26) for reasons explained below. Second, the court concludes that plaintiff's Amended Complaint (Doc. 27) fails to address the deficiencies the court identified in his first Complaint (Doc. 1). The court thus

---

[1]     Because plaintiff proceeds pro se, the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But, under this standard, the court does not assume the role as plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court does not construct arguments for plaintiff or search the record. *Id.*

dismisses the case for failure to state a claim. The court denies the remainder of plaintiff's motions as moot (Docs. 33, 35, 38, 39, & 41).

I.      **Procedural History**

On September 25, 2018, plaintiff—a prisoner at Hutchinson Correctional Facility—filed a Complaint under 42 U.S.C. § 1983. He sued 38 defendants.[2] Doc. 1. Plaintiff also brought seven motions as part of his § 1983 claim, including a Motion for Leave to Amend Complaint (Doc. 18). Plaintiff sought leave to amend his Complaint so that he could "add an additional count for conduct of Judge James Fleetwood, and request punitive damages." Doc. 18 at 1.

The court screened plaintiff's complaint under 28 U.S.C. § 1915A(a). *See generally* Doc. 20. This statute requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. The court must dismiss any complaint (or any portion of a complaint) if it presents claims that are legally frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2). Plaintiff's Complaint did not survive screening. Doc. 20 at 16–17. The court identified the deficiencies in plaintiff's Complaint but granted him leave to file a complete and proper amended complaint. *Id.* at 17.

On April 30, 2019, plaintiff filed an Amended Complaint (Doc. 27). He also has filed the following motions: Motion to Recuse Judge Daniel Crabtree (Doc. 26); Motion for Status of Plaintiff's Motion to Recuse Judge Daniel Crabtree (Doc. 33); Motion for Summary Judgment

---

[2]     Defendants included multiple state court and federal judges; court reporters; an assistant district attorney; the Clerk of the Sedgwick County District Court; the Governor of the State of Kansas; Sedgwick County Commissioners; the Sedgwick County Counselor; the Sedgwick County Sheriff; the Secretary of Corrections for the Kansas Department of Corrections; and the Clerk of the Kansas Court of Appeals. Doc. 1 at 1–10; Doc. 20 at 2.

(Doc. 35); Motion Seeking Adjudication of Plaintiff's Motion to Recuse Judge Daniel Crabtree (Doc. 38); Motion Seeking Default Judgment (Doc. 39); and Motion Seeking Status of Plaintiff's Motion to Recuse Judge Daniel Crabtree (Doc. 41).

**II.     Recusal Motion**

Plaintiff seeks to remove the judicial officer assigned to this case. He argues that the assigned judge has shown a "lack of neutrality and impartiality." Doc. 26 at 13. He asserts that the court's "claims of defi[ci]encies in plaintiff[']s [C]omplaint are refuted by the record. In fact Judge Daniel Crabtree argues affirmative defenses for the [ ] defendants who[ ] have yet to respond to the [C]omplaint . . . ." *Id.* at 2. Essentially, plaintiff seeks recusal because the court's March 27, 2019 Order granting plaintiff's Motion for Leave to Amend Complaint identified deficiencies in plaintiff's Complaint. The Order explained those deficiencies and directed plaintiff to address them if he filed an Amended Complaint.

Two statutes govern judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Sprint PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id.* (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id.* at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id.* Without an affidavit showing bias or prejudice and proper identification of events manifesting a personal and extrajudicial bias, plaintiff cannot support a request for recusal under 28 U.S.C. § 144.

Alternatively, under 28 U.S.C. § 455, a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(a) & (b)(1). The test for determining impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted).

Plaintiff here alleges no facts suggesting personal bias or prejudice. Plaintiff appears to interpret the court's March 27, 2019 Order as adverse to him because it identified deficiencies in his Complaint. But adverse rulings do not provide a reason for recusal. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (stating that "adverse rulings 'cannot in themselves form the appropriate grounds for disqualification'" (quoting *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992))). In sum, plaintiff has failed to establish any grounds to remove the assigned judge from this case. The court thus denies plaintiff's Motion to Recuse (Doc. 26). Also, the court denies as moot plaintiff's motions seeking a status update on his recusal motion (Docs. 33, 38, & 41).

### III. Plaintiff's Complaints

Generally, plaintiff brings this § 1983 action alleging that he is incarcerated wrongfully because of errors committed in his underlying criminal proceeding. First, the court recites the legal standard that applies to pro se prisoners seeking relief against a governmental entity or officer. The court then notes the deficiencies it already has identified in plaintiff's Complaint. Finally, the court analyzes plaintiff's Amended Complaint. For reasons explained below, plaintiff's Amended Complaint will not survive screening either.

4

### A. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint (or any portion of it) if the complaint raises claims that are legally frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Also, the court accepts all well-pleaded allegations as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). But, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although this standard "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court has explained, simply "will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). In short, the court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*,

550 U.S. at 557 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (internal quotation omitted).

The Tenth Circuit has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

Our Circuit also has held that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts must "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must nudge his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (internal quotation marks and citation omitted). "Plausible" in this context does not mean "likely to be true." Instead, it refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

### B. Plaintiff's First Complaint (Doc. 1)

On January 24, 2019, plaintiff filed a Motion Seeking Leave to Amend the Complaint (Doc. 18). Plaintiff asked to add "an additional count for conduct of Judge James Fleetwood, and request punitive damages." Doc. 18 at 1. The court granted plaintiff's motion, but identified the following deficiencies in his original Complaint and ordered plaintiff to address those deficiencies in an Amended Complaint.

#### 1. Habeas Nature of the Claims

The court found that plaintiff had brought his claims under 42 U.S.C. § 1983 improperly. Doc. 20 at 7. The court explained that, to the extent plaintiff sought relief that would result in an immediate or speedier release from prison, he must bring those claims in a petition for a writ of habeas corpus, not under § 1983. *Id.* at 6. The court informed plaintiff that if he "elects to file an Amended Complaint, he must identify whether he asks for relief besides an order releasing him from confinement. If plaintiff seeks such relief, he must identify it precisely and explicitly." *Id.* at 8.

#### 2. *Heck* Bar

The court found that the *Heck* rule barred plaintiff's claims for damages based on his challenge to his state court convictions and sentences. Doc. 20 at 8–9 (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). The *Heck* rule prevents litigants from using a § 1983 action to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions. *Johnson v. Pottawotomie Tribal Police Dep't*, 411 F. App'x 195, 198 (10th Cir. 2011). Plaintiff failed to show that his conviction and sentence ever were invalidated. Doc. 20 at 9. The court directed plaintiff to address this issue in his Amended Complaint. *Id.*

### 3. Immunities

The court found that four immunity doctrines—Eleventh Amendment immunity, judicial immunity, prosecutorial immunity, and quasi-judicial immunity—barred the claims in plaintiff's original Complaint. *Id.* at 9–13. The court advised plaintiff that any claim for money damages against state officials in their official capacity was subject to dismissal on sovereign immunity. *Id.* at 11. The court noted that it was "ambiguous whether plaintiff seeks damages against a state official in her official or individual capacity" and thus directed plaintiff to "resolve this uncertainty if he chooses to file an Amended Complaint." *Id.*

Plaintiff's claims against federal and state judges were subject to dismissal based on judicial immunity. *Id.* Since plaintiff's Complaint did not "suggest that any of the judges he ha[d] sued acted outside their judicial capacity," the court directed plaintiff to "address this issue in his Amended Complaint." *Id.* at 12. Prosecutorial immunity barred plaintiff's claims against the assistant district attorney in his criminal case. *Id.* at 12. And, finally, quasi-judicial immunity barred claims against Sheriff Jeff Easter and KDOC Secretary Roger Werholtz. *Id.* The court permitted plaintiff to amend his complaint to address these immunity issues. *Id.*

### 4. State Law and Criminal Claims

Plaintiff's Complaint alleged that Judge Pilshaw and Judge Owens violated section 10 of the Kansas Constitution Bill of Rights. Doc. 1 at 12, 14; Doc. 20 at 13. The court explained that "Section 1983 is not a vehicle to vindicate a state law violation." Doc. 20 at 13. Plaintiff's Complaint also asked the court to fine or imprison several defendants for obstructing justice under 18 U.S.C. §§ 1512 and 1519 and the Sarbanes-Oxley Act. Doc. 1 at 18, 20; Doc. 20 at 13. The court explained that §§ 1512 and 1519 are criminal statutes and do not provide a private right of action. Doc. 20 at 13. And, plaintiff failed to explain which provision of the Sarbanes-

Oxley Act defendants had violated and he never provided any authority suggesting the Act permits a private right of action. *Id.* The court directed plaintiff to address these deficiencies in his Amended Complaint. *Id.*

### C. Plaintiff's Amended Complaint (Doc. 27)

Plaintiff has filed an Amended Complaint (Doc. 27). His Amended Complaint is nearly identical to his first Complaint. The court has identified just these amendments. They are:

- Plaintiff has replaced defendant Jeff Colyer with current Kansas Governor Laura Kelly. *Compare* Doc. 1 at 7 *with* Doc. 27 at 7.

- Plaintiff has replaced defendant Joseph Norwood with current Secretary for the Kansas Department of Corrections, Roger Werholtz. *Compare* Doc. 1 at 8 *with* Doc. 27 at 8.

- Plaintiff has provided additional information about defendant Judge James Fleetwood (Doc. 27 at 10) and has added a claim (Count 10) against Judge Fleetwood. Doc. 27 at 17. Plaintiff alleges that Judge Fleetwood "acted without jurisdiction" and "afforded the case not even the basic fundamental right to procedural due process." Doc. 27 at 17. Judge Fleetwood "did so to continue the illegal and false imprisonment of plaintiff with malicious intent and depraved indifference." *Id.*

None of these amendments correct the deficiencies the court identified in its March 27, 2019 Order. Plaintiff has failed to identify precisely and explicitly the relief he seeks for his § 1983 claim, as the court directed. Doc. 20 at 8. Plaintiff's Amended Complaint never addresses the *Heck* rule or immunity issues the court identified. *Id.* at 8–13. And, plaintiff hasn't amended his state law or criminal claims. *Id.* at 13. Plaintiff's Amended Complaint thus fails to state a claim upon which the court can grant relief. So, the court dismisses the case under 28 U.S.C. §1915A(b).

### IV. Conclusion

The court denies plaintiff's Motion to Recuse (Doc. 26) because plaintiff fails to establish any ground to remove the assigned judge from the case. The court dismisses plaintiff's Amended Complaint (Doc. 27) because plaintiff has failed to correct the deficiencies the court

identified and explained in its previous Order (Doc. 20).  The Amended Complaint thus fails to state a plausible clam for relief and the case is subject to dismissal under § 1915A(b).  The court denies as moot plaintiff's other motions:  Motion for Status of Plaintiff's Motion to Recuse Judge Daniel Crabtree (Doc. 33); Motion for Summary Judgment (Doc. 35); Motion Seeking Adjudication of Plaintiff's Motion to Recuse Judge Daniel Crabtree (Doc. 38); Motion Seeking Default Judgment (Doc. 39); and Motion Seeking Status of Plaintiff's Motion to Recuse Judge Daniel Crabtree (Doc. 41).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Recuse (Doc. 26) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's case is dismissed for failure to state a claim.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Status of Plaintiff's Motion to Recuse Judge Daniel Crabtree (Doc. 33); Motion for Summary Judgment (Doc. 35); Motion Seeking Adjudication of Plaintiff's Motion to Recuse Judge Daniel Crabtree (Doc. 38); Motion Seeking Default Judgment (Doc. 39); and Motion Seeking Status of Plaintiff's Motion to Recuse Judge Daniel Crabtree (Doc. 41) are denied as moot.

**IT IS SO ORDERED.**

**Dated this 15th day of January, 2020, at Kansas City, Kansas.**

                **s/ Daniel D. Crabtree**
                **Daniel D. Crabtree**
                **United States District Judge**